B. Elizabeth Plank
Law Office of B. Elizabeth Plank
FED BAR NO: 28268
25905 Long Corner Road, Ste. D
Gaithersburg, MD 20882
Direct: (410) 967-1066

Fredrick Schulman & Associates
30 East 29th Street
New York, New York 10016
Tel: (212) 796-6053

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
-------------------------------------------------------X
Joshua Friedman,

      Plaintiff,

   -against-

Midland Credit Management, Inc.,

      Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**VERIFIED COMPLAINT**

Now comes Plaintiff Joshua Friedman ("Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recovery monetary damages, and declaratory and injunctive relief, against the Defendant Midland Funding, Inc. ("Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complaints and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Maryland, County of Baltimore City.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5.      Upon information and belief, Defendant Midland Credit Management, Inc. ("Midland") is a Kansas corporation conducting business from offices located at 3111 Camino Del Rio North, Suite 1300, San Diego, California, 92108.

6.      Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.      Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.      Beginning in or around September 2013, Defendant commenced collection activities against Plaintiff to recover an alleged debt (referred to hereinafter as the "Alleged Debt").

10.     Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

11.      Upon further information and belief, between September 28 and October 10, 2013, Defendant placed seventeen (17) phone calls to plaintiff including the following telephone calls after 9 PM.

12.     On or about September 28, 2013, Defendant placed a telephone call to Plaintiff's cellular telephone at 11:45 PM.

13.     On or about October 7, 2013, Defendant placed a telephone call to Plaintiff's cellular telephone at 10:13 PM and 11:07 PM.

14. On or about October 8, 2013, Defendant placed a telephone call to Plaintiff's cellular telephone at 10:49 PM and 11:31 PM.

15. On or about October 9, 2013, Defendant placed a telephone call to Plaintiff's cellular telephone at 10:53 PM.

16. On or about October 10, 2013, Defendant placed a telephone call to Plaintiff's cellular telephone at 10:42 PM and 11:30 PM.

17. In total, from September 28, 2013 to October 10 2013, Defendant placed eight (8) telephone calls to Plaintiff after 9:00 PM.

18. On or about October 16, 2013, Plaintiff called Defendant to inquire into the origins of the Alleged Debt.

19. During said telephone call, Plaintiff informed Defendant that he did not owe any Alleged Debt.

20. Defendant confirmed that Plaintiff did not have an account placed with Defendant; rather, Defendant had erroneously associated Plaintiff with a separate file.

21. Defendant then informed Plaintiff that he would receive no further phone calls from Defendant.

22. Nonetheless, later that day, Defendant placed another telephone call to Plaintiff.

23. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692c(a)(1)**

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. The Defendant's conduct violated 15 U.S.C. §1692c(a)(1) in that the Defendant placed eight (8) telephone calls to Plaintiff's cellular phone after 9:00 PM, a time known to be inconvenient for consumers.

26. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d(5)

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. The Defendant's conduct violated 15 U.S.C. §1692d(5) in that the Defendant caused Plaintiff's phone to ring repeatedly despite the fact that Plaintiff does not owe the Alleged Debt.

29. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692b(3)

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. The Defendant's conduct violated 15 U.S.C. §1692b(3) by communicating with a third party more than once, when requested not to do so.

32. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. The Defendant's conduct violated 15 U.S.C. §1692d in that the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff.

35. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f(1)

36. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. Defendant violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not authorized by an agreement and not permitted by law when it tried to collect the Alleged Debt which Plaintiff does not recall owing.

38. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA

### DEMAND FOR TRIAL BY JURY

39. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joshua Friedman demands judgment from the Defendant Midland Credit Management, Inc., as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C. For a declaration that the Defendant's practices violated the FDCPA; and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Gaithersburg, Maryland
March 12, 2014

Respectfully submitted,

By: s/  B. Elizabeth Plank_____

B. Elizabeth Plank
Law Office of B. Elizabeth Plank
FED BAR NO: 28268
25905 Long Corner Road, Ste. D
Gaithersburg, MD 20882
Direct: 410.967.1066

Fredrick Schulman & Associates
Attorneys at Law
30 East 29TH Street
New York, New York 10016
(212) 796-6053